J-S74008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARIUS FOXE, | |
| Appellant | No. 2670 EDA 2013 |

Appeal from the PCRA Order Entered August 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001216-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 31, 2014**

Appellant, Darius Foxe, appeals *pro se* from the post-conviction court's August 9, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 14, 2011, Appellant entered a negotiated guilty plea to attempted murder and carrying a firearm without a license.  His convictions stemmed from his shooting a victim three times, which caused the victim to be paralyzed below the waist.  On the same day he entered his plea, the court imposed the agreed upon sentence of eight to eighteen years' incarceration, followed by two years' probation.  Appellant filed a timely notice of appeal, but later withdrew that appeal on September 28, 2011.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On May 22, 2012, Appellant filed a timely, *pro se* PCRA petition. He subsequently filed a *pro se* amended petition on August 10, 2012. PCRA counsel was appointed, but on May 31, 2013, counsel filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On July 5, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a response to counsel's petition to withdraw or the court's Rule 907 notice. On August 9, 2013, the PCRA court issued an order dismissing Appellant's petition and granting counsel's petition to withdraw. Appellant filed a timely notice of appeal. The PCRA court did not direct Appellant to file a Pa.R.A.P 1925(b) statement, but the court did issue an opinion pursuant to Rule 1925(a).

Appellant's *pro se* brief to this Court does not comport with the Pennsylvania Rules of Appellate Procedure. Namely, he does not delineate his brief into any of the following sections: Statement of the Questions Involved (Pa.R.A.P. 2116), Statement of the Case (Pa.R.A.P. 2117), Summary of the Argument (Pa.R.A.P. 2118), or Argument (Pa.R.A.P. 2119). Nevertheless, from our review of his brief as a whole, it appears that Appellant seeks to assert the following issues:

> (I) PCRA counsel was ineffective for seeking to withdraw where Appellant raised meritorious claims.
>
> (II) Appellant's plea was unlawfully induced by ineffective assistance of counsel.

- 2 -

(III) Appellant's plea colloquy was defective.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Initially, Appellant contends that his PCRA counsel was ineffective for seeking to withdraw where Appellant presented meritorious issues in his *pro se* petition. We are constrained to conclude that Appellant has waived this claim by not raising it in response to the court's Rule 907 notice or counsel's petition to withdraw. **See Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa. Super. 2012) (holding that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter"); **see also Commonwealth v. Henkel**, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*) (finding waived the appellant's claims of PCRA counsel's ineffectiveness, which were raised for the first time in his Rule 1925(b) statement filed after his notice of appeal).

Nevertheless, for the reasons stated *infra*, we conclude that each of Appellant's issues is waived and/or meritless; consequently, we would not deem PCRA counsel ineffective for seeking to withdraw. First, Appellant argues that his plea counsel was ineffective in several regards.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> [T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made. Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

**Commonwealth v. Timchak**, 69 A.3d 765, 769-770 (Pa. Super. 2013) (internal citations and quotation marks omitted).

- 4 -

Here, Appellant claims that counsel's ineffectiveness caused him to enter an involuntary and unknowing plea because (1) counsel advised him to plead guilty even though there was an inadequate factual basis to support the charges; (2) counsel failed to investigate a potential defense witness, Alexis Bowman, whose testimony would have contradicted the victim's testimony and led to Appellant's acquittal; and (3) "counsels [*sic*] advice to take an open plea interfered with [Appellant's] rights to a direct appeal." Appellant's Brief at 5.

Appellant's claim that there was an inadequate factual basis to support the offenses to which he pled guilty is waived, as it was not raised in his *pro se* PCRA petition or amendment thereto. **See** Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); **see also Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal). Nevertheless, even had Appellant preserved this claim, we would conclude that it is meritless. At the guilty plea proceeding, the Commonwealth provided the following factual summary underlying the charges against Appellant:

> [The Commonwealth]: Your Honor, on November the 1st, 2009, the complainant, Tyreek Lyles … was in Abbotsford Projects in the 3200 block of McMichael Street. At the time there were several people outside including [Appellant]. [Appellant] approached Mr. Lyles and said, ["]Are you okay?["] The

complainant said, ["]Yes.  I'm okay.  You?["]  The complainant found the conversation to be strange.

The next thing you know[,] [Appellant] was pointing a gun which was concealed inside of the sleeve of the hoody that he was wearing.  [Appellant] then fired that gun … four times at the complaining witness.  The first shot hit the complaining witness in the chest.  The second shot in the hip area, right hip.  And the third shot struck him in the buttock.  The fourth projectile was found on the scene.

The complainant was immediately rushed to Albert Einstein Medical Center where his life was saved.  However, after numerous procedures and surgeries, he was left paralyzed from the waist down.

…

[Appellant] fled the scene [of the shooting] to 193 Luray Street.  A cab driver will testify that he picked up a black male wearing a black hoody at 3218 McMichael Street.  The black male came out of a bush before entering the cab and the person that was in the cab slumped down.  That person was ultimately dropped off at 193 Luray Street.

Police executed a search warrant there and found nothing.  However, during this time anonymous tips were being compiled by detectives and [Appellant] was developed as a suspect.  A photo spread was shown to Mr. Lyles in the hospital, approximately[] eight days after his shooting and he identified [Appellant], Mr. Foxe, as being the person that shot him.

N.T. Plea Hearing, 7/14/11, at 25-26.

Appellant claims these facts were insufficient to prove him guilty of *robbery*, as defined in 18 Pa.C.S. § 3701(a)(1)(i).  However, Appellant did not plead guilty to robbery; he pled guilty to attempted murder and carrying a firearm without a license.  Appellant presents no argument that the above-stated facts were insufficient to support his convictions for either of these two offenses.  Consequently, he has failed to prove that counsel was

ineffective for advising him to plead guilty to attempted murder and carrying a firearm without a license.

Appellant has also failed to demonstrate that counsel acted ineffectively by not investigating Alexis Bowman, and that counsel's conduct resulted in his guilty plea being unknowing and/or involuntary. Appellant did not state in his petition, and he does not explain on appeal, what testimony Ms. Bowman would have offered at trial, or how it would have resulted in his acquittal. Moreover, Appellant asserts that he told plea counsel about Ms. Bowman, thus evincing that he knew about this witness (and, presumably, the details of her possible testimony) prior to entering his guilty plea. *See* Appellant's Brief at 3. Nevertheless, Appellant entered his plea without expressing any concern over counsel's purported failure to interview Ms. Bowman. Consequently, Appellant has not demonstrated that counsel's alleged failure in this regard impacted the validity of his plea.

Appellant additionally avers that plea counsel acted ineffectively by impeding his right to file a direct appeal. Again, this issue was not raised in either of Appellant's *pro se* petitions and, therefore, it is waived. Pa.R.Crim.P. 902(B); *Rainey*, 928 A.2d at 226. In any event, we would conclude it is meritless. Appellant provides only the following, *verbatim* argument in support of this claim:

> [Appellant] avers that trial counsels [*sic*] advice to take an open plea interfered with his rights to a direct appeal. At the time of appellants/petitioner knows at the time he had recognized the errors and realized he could still have appealed.

Appellant's Brief at 5. Appellant's confusing argument is insufficient to convince us that plea counsel somehow impeded his right to file a direct appeal.

Appellant next argues that the guilty plea colloquy was inadequate because, "to the best of his recollection[,]" he was not "asked about the factual basis for his plea or told that he was presumed innocent." Appellant's Brief at 4. Appellant's claim is waived for two reasons. First, he did not assert this argument in either of his *pro se* petitions. Pa.R.Crim.P. 902(B); *Rainey*, 928 A.2d at 226. Moreover, Appellant does not explain why this claim could not have been raised on direct appeal. Accordingly, it is waived on this basis, as well. *See* 42 Pa.C.S. § 9543(a)(3) (directing that to be eligible for relief, a PCRA petitioner must prove that his claim has not been previously litigated or waived); 42 Pa.C.S. 9544(b) (stating "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").

However, even if preserved, we would conclude that Appellant's challenge to the plea colloquy is meritless. At the plea proceeding, the Commonwealth stated the factual summary, quoted *supra*, after which the court asked Appellant if that was "a fair account of what happened[.]" N.T. Plea Hearing at 26. Appellant stated, "[y]es," and also confirmed that those were the facts to which he was pleading guilty." *Id.* Consequently, the plea colloquy was adequate in this regard.

Likewise, the court also sufficiently informed Appellant that he would be presumed innocent if he proceeded to trial. The court stated:

> The Court: At trial, sir, you would be the defendant and as such presumed innocent. Every defendant enjoys a presumption of innocence and the presumption would attach to you and remain throughout the trial and continue unless and until the Commonwealth proved your guilt beyond a reasonable doubt.

*Id.* at 12. Appellant was asked if he understood this, and he replied, "[y]es." *Id.* Accordingly, Appellant's claim that the plea was deficient is meritless.

In sum, each of the issues presented by Appellant is either waived and/or meritless. Accordingly, we ascertain no error in the PCRA court's decision to deny Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014